## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS STALLINGS,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No: 07-1387-WEB-KMH** |
| | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **WERNER ENTERPRISES, INC. and** | ) |
| **STUART J. COHEN,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S FIRST SET OF MOTIONS IN LIMINE

Defendants Stuart J. Cohen and Werner Enterprises, Inc. ("Defendants") submit this Response to Plaintiff's First Set of Motions in Limine. (Dkt. No. 86).  In further support of this Response, Defendants state as follows:

**PLAINTIFF'S FIRST SET OF MOTIONS IN LIMINE SHOULD BE DENIED IN ITS ENTIRETY.**

The purpose of motions in limine is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D.Md.1987)). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach & Sons, Inc.,* 864 F.Supp. 67, 69 (N.D.Ill.1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *National Union v. L.E. Myers Co. Group,* 937 F.Supp. 276,

287 (S.D.N.Y.1996).

In the present case, the Plaintiff has briefly listed various statements and other evidence that he seeks to exclude from trial. However, the Plaintiff has wholly failed to identify how such evidence is inadmissible and has failed to cite to any authority in support of his position that such evidence be excluded from trial. Moreover, Plaintiff has failed to identify with specificity the evidence which he seeks to exclude. Therefore, Plaintiff has failed to meet his burden to demonstrate that such evidence is inadmissible at trial on any relevant ground, and Plaintiff's Motion in Limine should be denied.

### DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION TO EXCLUDE THE FOLLOWING EVIDENCE FROM TRIAL.

1. Plaintiff seeks to exclude Defendants' expert opinions that were not presented in their expert reports or deposition testimony. However, the Plaintiff only deposed two of Defendants' experts: Dr. Hastings and Mr. Sievers. Plaintiff failed to depose any of the other expert witnesses. Plaintiff should not receive the benefit of limiting an expert's testimony to what is contained within their expert reports if Plaintiff did not inquire whether such experts had any additional opinions. Further, Defendants' experts may have opinions to rebut Plaintiff's experts' opinions. To the extent that is the case, Defendants' experts should not be limited in their testimony. Moreover, the Defendants' experts have provided reports in this case wherein they identify the substance of their opinions. However, these experts should be entitled to restate their opinions and not be hemmed in to the exact language provided in the expert's report.

a.  Plaintiff specifically seeks to exclude any expert opinion from Dr. Adams regarding whether the Plaintiff will eventually develop dementia or Alzheimer's disease as he ages.  "The judge should only exclude the evidence if the flaw is large enough that the expert lacks 'good grounds' for his or her conclusions." *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 746 (3d Cir.1994); *see Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 590, 113 S.Ct. 2786, 2796 (1993). This limitation on when evidence should be excluded accords with the liberal admissibility standards of the federal rules and recognizes that our adversary system provides the necessary tools for challenging reliable expert testimony. As the Supreme Court has explained, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.  In this case Plaintiff has failed to argue any basis upon which Dr. Adams should not testify as to the Plaintiff's potential to develop dementia or Alzheimer's disease.  Plaintiff simply does not want such testimony at trial.  This is not a proper basis for excluding expert testimony at trial.

b.  Plaintiff specifically seeks to exclude any opinion by Ms. Botroff regarding Plaintiff's loss of business profits. As stated in subsection a. above, Plaintiff has failed to argue any basis for excluding Ms. Botroff's expert opinion as to Plaintiff's loss of business profits.   Ms. Botroff is likely to offer

testimony at trial as to Plaintiff's ability to work.  To the extent that Plaintiff's ability to work impacts his claimed loss of wages, past or future, Ms. Botroff should not be precluded from offering such an opinion. Plaintiff has failed to identify any basis to exclude her testimony as to Plaintiff's future lost profits.

    c.  Plaintiff specifically seeks to exclude any opinion by Dr. Hastings regarding whether Plaintiff's brain injury has an effect on Plaintiff's ability to work.  Dr. Hastings is likely to offer such an opinion at trial that the Plaintiff is neurologically intact.  Plaintiff has failed to identify any basis for the exclusion of such an opinion by Dr. Hastings.

2.  Plaintiff seeks to exclude any Werner documents produced after the Pre-Trial Order was filed.  Plaintiff has waived his objection to any such documents disclosed on January 9, 2009, by failing to assert any objections to such documents by February 6, 2009 (the date the Court set for filing objections to exhibits). Moreover, to the extent that Plaintiff seeks to exclude any other documents, Plaintiff has failed to identify any such documents or categories of documents with specificity pursuant to *National Union,* 937 F.Supp. at 287 and therefore, Plaintiff's motion to exclude such documents should be denied.

3.  Plaintiff seeks to exclude the results of Defendant Cohen's urine specimen that supports Defendants' claims.[1]  However, this Court entered an Order allowing Defendant Cohen's specimens (blood and urine) to be tested.  (Dkt. No. 76).

---

[1] Plaintiff's urine specimen leaked in transport and was unable to be tested.

Further, this Court specified dates on which such results should be exchanged between the parties and additional expert opinions based upon this evidence should be disclosed. (*Id.*). Therefore, the Court anticipated that such results would be and could be used at trial in this matter. Otherwise, the testing ordered by this Court would have futile. Further, the trial in this case has been set for May 12, 2009. This gives the Plaintiff ample opportunity to consult with his expert regarding the testing of these specimens and the results of the testing. Moreover, Defendants did not discover that such specimens existed until discovery had been concluded. To the extent that the Defendants seek to use such information and evidence to support their defense in this action, they should not be precluded from doing so.

4. Plaintiff seeks to exclude any evidence that someone other than the Defendants caused or contributed to the Plaintiff's injuries. Defendants do not intend to offer any such argument that a person other than Defendant Cohen caused or contributed to Plaintiff's injuries from the collision.

5. The Plaintiff seeks to exclude any evidence that the Plaintiff's medical bills were paid by health insurance. As stated in Defendants' Motion in Limine (Dkt. No. 98), the Defendants do not believe that evidence of the Plaintiff's medical bills should be admissible at trial. The Defendants have stipulated that such medical bills were reasonable and necessary as a result of Plaintiff's injuries in the collision. Therefore, such medical bills are irrelevant at trial. To the extent that this Court rules that such bills are admissible at trial, the Plaintiff has already

6.  Plaintiff seeks to exclude any evidence that the Plaintiff has not had an artificial ankle replacement surgery because his insurance will not pay for it.  As stated in paragraph 5 above, the Plaintiff has waived any such argument he has in support of excluding such documents at trial.

7.  Plaintiff seeks to exclude any evidence of Plaintiff's prior lawsuits.  Plaintiff has failed to properly identify the evidence which he seeks to exclude, nor legal support of excluding such evidence.  To the extent that evidence of Plaintiff's prior lawsuits is relevant at trial, Defendants should not be precluding from offering such evidence at trial.

8.  Plaintiff seeks to exclude any evidence that medical malpractice may have contributed to the Plaintiff's injuries.  The Plaintiff has failed to properly identify the evidence which he seeks to exclude, and has failed to offer any legal support for excluding such evidence.  Moreover, to the extent that any such evidence is relevant to the defense of this case, Defendants should not be precluded from offering such evidence at trial.

9. Plaintiff seeks to exclude any evidence that Defendant Cohen did not receive a traffic ticket for this accident based on relevance. However, Plaintiff has failed to show how such evidence is irrelevant. Plaintiff intends to show that this collision was caused due to the negligence and even reckless negligence of Defendant Cohen. Plaintiff intends to argue that Defendant Cohen was under the influence of drugs at the time of the collision. Whether Defendant Cohen received a ticket as a result of the collision is directly relevant to Defendant Cohen's defense that he was not recklessly negligent at the time of the collision, and to Cohen's defense that he was not under the influence at the time of the collision. The fact that Defendant Cohen did not receive a ticket at the time of the collision is relevant to show that the law enforcement officials who investigated the collision did not believe that Defendant Cohen was under the influence because he was not cited. Moreover, the Plaintiff has identified other witnesses upon whom he intends to rely to show that in their opinion Defendant Cohen was under to the influence. Specifically, the Plaintiff intends to rely on testimony by Brian Stallings, Joseph Schneider, Patricia Schneider, Clint Schneider, and Jacob Baker. (*See* Plaintiff's Final Witness and Disclosure Statement, attached hereto as Exhibit "B"). Thus, Plaintiff will be relying upon observations of witnesses at the scene of the collision to testify as to their impressions of whether Defendant Cohen was impaired at the scene of the collision. The Defendants should not be prohibited from also offering evidence to show that Defendant Cohen was not impaired at the scene of the collision. By not receiving a citation for impairment at the scene of

10. Plaintiff seeks to exclude any evidence from the Defendants' experts regarding Plaintiff's life expectancy.  Any such evidence would be offered in rebuttal to the testimony of Plaintiff's expert(s) and fact witnesses in this case.  As such, it should not be wholly excluded from trial.

11. Plaintiff seeks to exclude any evidence from the Defendants' experts regarding Plaintiff's lost wages and loss of past and/or future business profits.  Any such evidence would be offered in rebuttal to the testimony of Plaintiff's expert(s) and fact witnesses in this case. As such, it should not be wholly excluded from trial.

12. Plaintiff seeks to exclude the testimony of Lavinia Asay and Laine Lester as fact witnesses in this case.  On October 24, 2008, the Defendants identified these witnesses on their final witness list for trial. (*See* Defendants' Supplemental Disclosures, attached hereto as Exhibit "C"). The Plaintiff has objected that such witnesses will be used as expert witnesses.  The Defendants do not intend to rely upon these witnesses as experts.  The Defendants have listed these witnesses as fact witnesses who "will testify as to observations of and conversations with Plaintiff, reputation of Plaintiff, involvement with PMP and CMP and opinions of the work of PMP and CMP."  (*Id.*).  These witnesses were properly disclosed to the Plaintiff in the Defendants' Final Witness and Exhibit List that was provided

to the Plaintiff.  Moreover, to the extent that Plaintiff has argued such witnesses are "surprise" witnesses, that is not a proper basis for excluding witnesses from trial. *See, e.g., Gardner v. Safeway Stores, Inc.*, 99 F.R.D. 258, 260 (D. Kan. 1983) (purpose of pre-trial identification of documents and witnesses is to avoid any unfair surprise at trial).

13. Plaintiff seeks to exclude information from trial relating to Carol Stallings' settlement and release that she executed to release the Defendants from liability for the collision.  The release executed by Carol Stallings released any and all claims against the Defendants in this matter.  Plaintiff and Carol Stallings lived in Missouri at the time the release was executed, and thus, Missouri law should determine the effect of the release.  Because Carol Stallings has released such claims, the Plaintiff cannot assert a loss of consortium claim on her behalf.  The Defendants are entitled to offer such evidence in support of their defense that the Plaintiff does not have a valid claim for loss of consortium.  Moreover, the Defendants respectfully request that the Court reserve ruling on this issue to allow the parties the opportunity to brief the applicable case law determining whether Plaintiff may properly claim a loss of consortium in this matter.  If the Court rules that the release signed by Carol Stallings has no effect on the Plaintiff's loss of consortium claim, then the Defendants do not intend to offer such evidence at trial.

14. Plaintiff seeks to exclude any evidence of the Defendants' settlement with Bryan, Gable, and Hailey Stallings.  The Defendants do not intend offer any such evidence.

15. Plaintiff seeks to exclude any evidence as to Defendant Werner's reputation or track record for safety in hiring, firing, driving, or drug testing.  However, to the extent that Plaintiff's witnesses and/or experts offer any such evidence about Defendant Werner's safety history, then Defendant Werner should be entitled to rebut such evidence.  Moreover, such evidence is relevant in that Plaintiff has brought claims against Defendant Werner for negligent and recklessly negligent hiring and retention and entrustment.  Therefore, evidence as to Defendant Werner's safety record is relevant in this case. Further, as stated above, Plaintiff deposed Mr. Sievers, Defendants' safety expert, and has no basis to exclude his opinions regarding Defendant Werner's safety record.

16. Plaintiff seeks to exclude Defendants' toxicologist, Dr. Wimbish, from testifying about the effect that cocaine had on Defendant Cohen's driving on the day of the collision.  Plaintiff argues that such opinion was not disclosed.  However, Plaintiff failed to depose Dr. Wimbish and Plaintiff should not receive the benefit of hemming in an expert witness because the Plaintiff failed to exercise due diligence to learn that expert's opinion.  Moreover, Plaintiff intends to assert that as a result of cocaine, Defendant Cohen was recklessly negligent in causing the collision in this case.  Plaintiff intends to assert such argument in support of his claim for punitive damages.  Defendants are entitled to rebut such evidence and further, provide a defense as to whether Defendant Cohen's purported use of a drug caused or contributed to the collision.  Moreover, Plaintiff has failed to argue that Dr. Wimbish is unqualified to offer such an opinion or why such opinion should

otherwise be excluded.   Therefore, Plaintiff has failed to meet his burden to exclude Dr. Wimbish's testimony on this issue.

<u>CONCLUSION</u>

Wherefore, based on the arguments above, the Plaintiff's Motion in Limine to exclude evidence should be denied because Plaintiff has failed to meet his burden of proof as to why such evidence should be excluded.   Therefore, Defendants respectfully request this Court deny Plaintiff's Motion in Limine in its entirety.

Respectfully submitted,


/s/      Michael J. McDaniel
Michael J. McDaniel, Kan. Sup. Ct. # 19530
Robert P. Coffey, Jr., OK Bar # 14628
**COFFEY, GUDGEL & MCDANIEL, PLLC**
4725 East 91st Street, Suite 100
Tulsa, OK 74137
P:  292 8787
F:  292 8788
*Attorneys for Defendants*


**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on the 13th day of February, 2009, the undersigned caused a true and correct copy of the above and foregoing to be served by

_____X____    CM-ECF

Upon all Counsel of Record:
Bradley J. Prochaska
James R. Howell
**PROCHASKA, GIROUX & HOWELL**
7701 East Kellogg Avenue, Suite 415
Wichita, Kansas  67207


/s/      Michael J. McDaniel

11