IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS STALLINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  07-1387-WEB |
| | ) |
| WERNER ENTERPRISES, INC., and | ) |
| STUART J. COHEN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Memorandum and Order**

This matter is before the court on the parties' motions in limine. The court has scheduled arguments on the motions for Wednesday, April 29, 2009. After reviewing the briefs, the court concludes that a number of issues can be addressed without argument. Accordingly, the court enters the following order with respect to the motions. The court will hear arguments with respect to all remaining issues on April 29.

I. **Plaintiff's First Motion in Limine (Doc. 86)**.

1a. *Dr. Adams' opinion as to whether plaintiff will eventually develop dementia or Alzheimer's disease*. Plaintiff contends no such opinion was included in Dr. Adams' report. Defendants apparently do not dispute that point, but note that plaintiff could have deposed Dr. Adams. They further say their experts provided reports with the substance of their opinions and "should be entitled to restate their opinions and not be hemmed in to the exact language provided in the expert's report."

Failure to satisfy the requirements of Rule 26(a)(2)(B) subjects a party to sanctions under Rule 37(c)(1). That rule provides in part that "if a party fails to provide information ... as

required by Rule 26(a) or (e), the party is not allowed to use that evidence... at [] trial, unless the failure was substantially justified or is harmless."

Defendants have offered no justification for failing to disclose Dr. Adams' opinion with respect to dementia in a timely fashion.  Nor have they shown the failure is harmless.  Defendants's suggestion that the opinion should be allowed because it is rebuttal is unpersuasive; the rules provide a time period for disclosure of rebuttal evidence.  Fed.R.Civ.P. 26(a)(2)(C)(ii).  Also unpersuasive is defendants' argument that its expert should not be "hemmed in" to the exact language of his report.  The court agrees that disclosures should not be read too narrowly, but defendant has not shown that plaintiff had fair notice Dr. Adams would express any opinion on this matter.  Accordingly, plaintiff's motion to exclude this opinion is GRANTED.

1b.  *Ms. Botroff's opinion as to wage loss and loss of business profits*.  Defendant again has offered no justification for failure to disclose such an opinion, and has made no showing that the failure to disclose is harmless.  Plaintiff's motion to exclude the opinion is GRANTED for the same reasons indicated above.

1c.  *Dr. Hastings opinion on whether plaintiff's brain injury has an effect on plaintiff's ability to work*.  Although defendant again fails to offer any justification for failing to disclose this opinion, the court will reserve ruling on the matter until after it hears arguments.

2.  *Any Werner documents produced after the date of the Pretrial Order*.  Plaintiff's request for a blanket exclusion of documents is DENIED.  As defendant points out, plaintiff has not identified any such documents with specificity.

3.  *Any testing of defendant Cohen's urine specimen*.  Plaintiff has withdrawn any

contention that defendant Cohen was under the influence of cocaine at the time of the collision and has significantly narrowed the scope of his claims. Doc. 118 at 2. The court concludes that any evidence pertaining to the urine specimen is irrelevant. The motion to exclude this evidence is GRANTED.

4. *Any argument that anyone other than the defendants caused or contributed to plaintiff's injuries*. Defendants say they do not intend to argue that anyone other than defendant Cohen caused or contributed to plaintiff's injuries from the collision. Doc. 99 at 5. The motion in limine is GRANTED to that extent.

5. *Evidence concerning collateral sources*. Citing the "collateral source rule," plaintiff moves to exclude evidence or comments that plaintiff had health insurance or that Medicare or Medicaid will pay any future medical bills. Plaintiff argues that he is entitled to present evidence of and receive the amounts actually billed by medical providers, without regard to any write-offs.

The court notes that defendant's brief in response to this argument is partially blank. Doc. 99 at 6. The court will therefore reserve ruling until after hearing arguments.

6. *Any mention that plaintiff has not had ankle replacement surgery because his insurance carrier will not pay for it*. The court likewise reserves ruling on this issue.

7. *Any mention of plaintiff's prior lawsuits*. Although plaintiff argues such evidence would be irrelevant, he fails to describe the evidence or show that it would be irrelevant. Accordingly, the motion to exclude this evidence is DENIED.

8. *Any evidence or argument that medical malpractice contributed to plaintiff's injuries*. Defendant did not assert any such issue or claim in the Pretrial Order. The motion to exclude

3

such evidence is GRANTED.

9. *Any mention that defendant Cohen did not receive a traffic ticket for the incident*. In view of the fact that plaintiff has now narrowed his claims, and because defendants admit that Cohen alone was at fault, the motion to exclude any evidence that Cohen was not ticketed for the accident is GRANTED.

10. *Defense expert opinion regarding life expectancy*. Experts are routinely expected – and indeed may be required – to take life expectancy into consideration when offering opinions on future events or damages. Plaintiff's motion to exclude any such evidence will be DENIED.

11. *Defense expert opinion concerning plaintiff's lost wages or lost business profits*. The court will reserve ruling on this issue until after hearing arguments.

12. *Testimony of Lavinia Asay and Laine Lester*. Plaintiff has shown no basis for excluding these witnesses. Plaintiff may raise any appropriate objection to specific testimony at the time of trial. The motion is DENIED.

13. *Evidence relating to Carol Stallings' settlement and release*. Plaintiff argues that Mrs. Stallings' settlement and release of her claims does not preclude plaintiff Thomas Stallings from asserting a claim for loss of consortium. Plaintiff notes that under Kansas law, the right to recover damages for loss of consortium vests solely in the injured spouse, with any damages recovered to be "for the benefit of such person's spouse." Defendant contends that Mrs. Stallings' release precludes any claim by the plaintiff for loss of consortium.

The court will reserve ruling on the issue until after it hears arguments.

14. *Any evidence of defendants' settlement with Bryan, Gable, and Hailey Stallings*. Defendants do not intend to offer any such evidence. Doc. 99 at 9. The motion to exclude such

evidence is GRANTED.

15. *Evidence of Werner's reputation or record for safety*.  In view of plaintiff's recent withdrawal of claims (Doc. 118), the court concludes that any evidence of Werner's safety record is irrelevant.  The motion to exclude this evidence is GRANTED.

16. *Defendant's toxicology expert (Wimbish) opinion as to impairment.*  Plaintiff's withdrawal of claims (Doc. 118) renders any evidence on this issue irrelevant.  The motion to exclude such evidence is GRANTED.

**II.  Defendants' Motion in Limine to Exclude Certain Evidence Relating to Defendant Cohen (Doc. 89)**.

Defendants move to exclude any evidence of the following: 1) Werner's transporting Cohen to the company following the collision 2) Cohen's meeting with Werner's in-house counsel following the collision; 3) Cohen's work history; 4) Cohen's personnel file; and 5) Cohen's purchase of a monster drink.

It appears to the court that in view of plaintiff's withdrawal of claims (Doc. 118), the above items would be irrelevant at trial.  Accordingly, the motion is GRANTED.

**III.  Defendants' Motion in Limine to Exclude KBI Drug Test Results (Doc. 91).**

In view of plaintiff's withdrawal of claims (Doc. 118), any evidence concerning drug tests of defendant Cohen is irrelevant.  The motion is GRANTED.

**IV.   Defendants' Daubert Motion Concerning Art Atkinson (Doc. 92); Defendants' Motion to Exclude Testimony of William Kennedy (Doc. 94); and Defendant's Daubert Motion Concerning Dr. Rohrig (Doc. 96)**.

These motions are DENIED as moot because plaintiff does not intend to call these witnesses.  Doc. 118 at 2.

**VI.   Defendants' First Motion in Limine (Doc. 98)**.

1. *Newspaper articles relating to the collision*.  Plaintiff has indicated these will not be offered.  The motion to exclude them is GRANTED.

2. *Evidence relating to medical records, including medical bills*.  Defendants say plaintiff will attempt to introduce medical records relating to the care and treatment plaintiff received in order to "demonstrate the severity of the collision in this case."  Defendants say they have stipulated that "Plaintiff's medical care, following the collision, including the charges billed for such care, was reasonable and necessary."  Doc. 98 at 5.  Defendants argue evidence of the medical records and bills is irrelevant and would only be used to seek jury sympathy.

Defendants' request for a blanket exclusion of "medical records" will be denied.  Records of plaintiff's treatment may be relevant for the purpose of proving the extent of plaintiff's injuries, including his pain and suffering.  As for evidence of plaintiff's medical bills, plaintiff concedes there is no need to introduce the medical bills "unless a medical bill becomes relevant on some other issue during trial."  Doc. 105 at 2.  The court will address any such issues if and when they arise.

3. *Evidence relating to any non-testifying witness*.  Defendant does not identify any

specific evidence in connection with the request; accordingly the motion is DENIED. The court will address any specific objections at trial.

4. *Evidence of other claims or suits against defendant Werner*. Plaintiff concedes such evidence should be excluded; the motion is GRANTED. Doc. 105 at 3.

5. *Evidence of events that occurred after the accident*. This is DENIED. As plaintiff points out, a blanket exclusion of "events after the accident" is not warranted. To the extent the motion pertains to defendant Cohen's action following the collision, such evidence may be irrelevant in view of plaintiff's withdrawal of certain claims. The court will address any such objections if they arise at trial.

6. *Testimony of experts or opinions by counsel relating to the honesty, integrity or credibility of witnesses*. Defendants argue these matters should be excluded. Plaintiff correctly notes that a physician or other expert may be required to make an assessment of malingering. Moreover, counsel are not to inject their personal opinion of a witness's credibility, but they may comment upon the evidence – including the credibility of witnesses – in closing arguments. The court will address any objections on these issues if they arise at trial.

7. *Hearsay statements*. Defendants' request for a blanket exclusion of "hearsay statements" is DENIED. Their request to exclude the written statement of Chief Johnnie Jones, which was apparently written nearly two years after the collision (Doc. 98, Exh. D), is GRANTED.

8. *Defendant Werner's In-house Counsel Notes & Deposition Testimony*. Plaintiff has not shown that this evidence is relevant to any of the issues remaining for trial. The motion to exclude them is GRANTED.

9. *Any statements relating to defendant Cohen's possible impairment at the time of the collision*. The parties now appear to agree this evidence is irrelevant. The motion is therefore GRANTED.

10. *Any evidence relating to injuries to plaintiff's family or other individuals*. Plaintiff concedes this motion, and it is GRANTED.

11. *Any and all photographs of the collision and/or plaintiff's injuries*. Defendants contend the only purpose of these photos would be "to shock the viewer" and elicit an emotional response. The court concludes that photos of the accident scene or plaintiff's injuries may be relevant for purposes of proving plaintiff's damages, including his pain and suffering. Accordingly the motion is DENIED. The court will exclude individual photos if they are cumulative in nature.

12. *Evidence of defendant Cohen's prior traffic citations or accidents*. In view of plaintiff's withdrawal of claims, this evidence appears clearly irrelevant. The motion is GRANTED.

13. *Evidence of the "Detroit Diesel Electronic Controls Information (D-DEC)"*. Plaintiff represents that this evidence may be necessary to show the speed of the tractor at the time of the collision. Absent a stipulation on that point, the motion to exclude the D-DEC report will be denied to the extent the report shows the speed of the vehicle. Any other information in the report would appear to be irrelevant and will be excluded.

**VII. Defendant's Daubert Motion to Exclude Certain Testimony of Dr. Halfaker (Doc. 93).**

Defendant complains that Dr. Dale Halfaker, a neuropsychologist who prepared an assessment of plaintiff's condition, relied upon hearsay and subjective opinions from Plaintiff's family members and friends in forming opinions about Plaintiff's condition. Doc. 93 at 5-6. Defendant argues such reliance is improper because the information is hearsay and is not scientifically reliable under the standards of Daubert. Defendant moves to exclude any testimony from Dr. Halfaker relating to his opinion "that is based on hearsay by Plaintiff's friends and/or family members as to the Plaintiff's mental condition...." *Id*. at 7.

Under Rule 703, the facts and data upon which an expert bases an opinion need not be admissible in evidence provided the information is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject." Fed.R.Evid. 703. As plaintiff points out, Dr. Halfaker's affidavit states that it is a common and accepted practice for neuropsychologists to rely upon such collateral sources in conducting evaluations and in forming their opinions. Defendants cite no evidence to the contrary. The fact that such statements may constitute hearsay thus does not preclude Dr. Halfaker from relying on these sources, and does not render his resulting opinion inadmissible.

If scientific or other specialized knowledge will assist the trier of fact, a witness qualified as an expert may testify if the form of an opinion if certain requirements are met. As part of its gate keeping function under *Daubert*, the trial court must also determine whether "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the

9

facts of the case." Fed.R.Evid. 702. In determining the reliability of expert testimony, there are several nonexclusive factors the trial court may consider, including (1) whether the expert's theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) the known or potential rate of error of the technique or theory, and (4) the general acceptance of the theory or technique. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Applying these standards, the court concludes that defendants' motion to exclude portions of Dr. Halfaker's testimony should be denied. Dr. Halfaker's affidavit and report show that insofar as the field of neuropsychology is concerned, reliance upon information provided by a person's friends, family or co-workers is considered as part of a full and proper assessment of an individual. The materials cited by the doctor indicate that such sources are important for evaluating the individual's abilities prior to the accident. They also may be important, according to the report, in assessing the individual's ability to function in situations that cannot be recreated in the assessment performed by the doctor. The doctor's affidavit indicates that learned treatises in the field support his use and application of this information. Additionally, the court notes that Dr. Halfaker did not rely solely or even principally on these sources in forming his opinions, but rather he applied them to his neurological data and findings primarily to determine if the collateral sources were consistent with his test results. The court finds that this testimony would be helpful to the jury, that Dr. Halfaker is qualified to express the opinions in his report, that his method is the product of reliable methods that are supported by published and peer-reviewed materials, and that the method is generally accepted in the field. Accordingly, the motion to exclude portions of his testimony relying on collateral sources is

DENIED.

**VIII**. **Defendants' Daubert Motion to Exclude Certain Testimony by Dr. Winkler (Doc. 97).**

Defendants move to exclude any opinion by Dr. Winkler that the plaintiff "will suffer earlier dementia and further cognitive decline" as a result of his brain injury, that this will require 24-hour care for the last 5 to 9 years of his life, at an annual cost of $135,780 per year.

The court will reserve ruling on this issue until after it hears arguments.

**IX & X.   Defendants' Motion to Exclude Evidence of Plaintiff's Future Economic Damages (Doc. 90); and Defendants' Daubert Motion to Exclude Plaintiff's Business Partners From Testifying as to Plaintiff's Future Lost Business Damages and Earning Capacity. (Doc. 95).**

According to the briefs, Plaintiff is a partner in two consulting businesses, Professional Market Practices (PMP) and Clear Market Practices, LLC (CMP).

In the Pretrial Order, plaintiff claims damages in the amount of $4 million dollars due to "loss of earning capacity and loss of business profits past a future." Doc. 85 at 18.  In support of the claim, plaintiff apparently intends to offer the testimony of three witnesses: the plaintiff Thomas Stallings; C.J. Rathbun (a former partner of plaintiff in CMP); and Susan Salfaro (a current partner of plaintiff in PMP).

Defendants move to exclude any evidence of future lost business profits, arguing such evidence is speculative and unsupported by appropriate expert testimony.  They also move to

11

exclude any expert testimony from C. J. Rathbun or Susan Sulfaro, arguing that these witnesses are not qualified to express expert opinions on the subject.

The court will reserve ruling on these motions until after oral arguments.

### XI.  Summary.

*Evidence of the following items will be EXCLUDED from trial*:

- Dr. Adams' opinion as to whether plaintiff will eventually develop dementia or Alzheimer's disease;
- Ms. Botroff's opinion as to wage loss and loss of business profits;
- Any testing of defendant Cohen's urine specimen;
- Any argument that anyone other than defendant Cohen caused or contributed to plaintiff's injuries;
- Any mention of plaintiff's prior lawsuits;
- Any evidence or argument that medical malpractice contributed to plaintiff's injuries;
- Any mention that defendant Cohen did not receive a traffic ticket;
- Any evidence of the "D-DEC" report except insofar as it tends to show the speed of the truck at the time of the collision;
- Any evidence of defendants' settlement with Bryan, Gable and Hailey Stallings;
- Any evidence of defendant Werner's reputation with respect to safety;
- Any toxicological evidence or opinion as to whether defendant Cohen was impaired;
- Any evidence concerning Werner's transportation of Cohen to the company following the collision, of Cohen's meeting with Werner's in-house counsel, of Cohen's work history or personnel file, or of Cohen's purchase of a Monster drink;
- KBI drug test results;
- Witnesses Art Atkinson, William Kennedy, or Dr. Rohrig;
- Newspaper articles relating to the collision;
- Evidence of any other claims or suits against defendant Werner;
- Defendant Werner's in-house counsel notes and deposition testimony;
- Any statements relating to defendant Cohen's possible impairment;
- Any evidence relating to injuries to plaintiff's family or other individuals;
- Evidence of defendant Cohen's prior traffic citations or accidents.

*The court will hear arguments relating to the following at the motion hearing*:

- Plaintiff's motion to exclude Dr. Hastings' opinion on whether plaintiff's brain injury has an effect on plaintiff's ability to work;

      - Plaintiff's motion to exclude any evidence relating to health insurance, Medicare, or Medicaid;

      - Plaintiff's motion to exclude evidence that plaintiff has not had ankle replacement surgery because his insurance will not pay for it;

      - Plaintiff's motion to exclude any defense expert opinion concerning plaintiff's claim for lost wages or business profit;

      - Admissibility of evidence relating to Mrs. Stallings' settlement and release, and whether the release bars a claim by plaintiff Thomas Stallings for loss of consortium;

      - Admissibility of evidence of medical records and medical bills;

      - Defendants' Daubert Motion with respect to Dr. Winkler's opinions that plaintiff will suffer earlier dementia as a result of his brain injury, that he will require 24-hour care for the last 5-9 years of his life and a "life coach"; and his opinion as to the cost of plaintiff's future medical care;

      - Defendant's motion to exclude evidence of plaintiff's future economic damages as speculative;  and

      - Defendant's Daubert motion to exclude plaintiff's business partners from testifying as to plaintiff's future lost business damages and loss of earning capacity.

      IT IS SO ORDERED this 28th Day of April, 2009, at Wichita, Ks.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge